UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATOUMATA SILLAH,<br><br>                Plaintiff,<br><br>       v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | Case No. 25-cv-07819-RFL<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 3, 11 |

Plaintiff Fatoumata Sillah, who is representing herself, files this action regarding her reinstatement as a Claims Technical Expert in the Social Security Administration ("SSA"), pursuant to a decision by the Merit Systems Protection Board ("MSPB").  (Dkt. No. 1 at 2, 7–31.)[1]  Sillah seeks an emergency stay of "any removal or demotion, as they relate to" the SSA's requirement that she undergo a background investigation under 5 C.F.R. 1400, which is construed as a Motion for a Preliminary Injunction.  (Dkt. No. 11 at 3; *see also* Dkt. No. 3.)  Pursuant to Local Rule 7-1(b), the Court will decide the Motion on the papers.  Because Sillah has not raised a serious question as to whether she has exhausted administrative remedies with respect to her claim under Title VII of the Civil Rights Act of 1964, her Motion is **DENIED**.

**I.     BACKGROUND**

The record indicates that Sillah was removed from her job at the SSA on March 2, 2023. (Dkt. No. 1 at 9.)  She challenged her removal, and on March 18, 2025, the MSPB reversed her removal.  (*Id.* at 7–31.)  In order to resume work, Sillah has been instructed to complete several

---

[1] All citations to page numbers refer to ECF pagination.

1

requirements, including a background investigation pursuant to 5 C.F.R. 1400. (Dkt. No. 11 at 7, 15–17.) Sillah argues that the SSA only chose to make her complete the background investigation after a SSA employee saw a Koran in her purse, and that the decision is discrimination on the basis of her religion. (Dkt. No. 1 at 2.)

Sillah filed a petition for enforcement with the MSPB regarding her reinstatement ("Petition"). In the Petition, she challenges the requirement that she complete a background investigation as religious discrimination, and raises several other, independent issues. (Dkt. No. 1 at 81–82, 113–14.) The issues raised in the Petition for enforcement are currently being briefed before the MSPB (*id.* at 108), and the MSPB has yet to issue a decision on the Petition (*id.* at 80–84, *see also id.* at 115 ("I will include applicable appeal rights in my initial decision in this petition for enforcement.")). The MSPB administrative judge has held at least two status conferences regarding the Petition, which are memorialized in orders describing the various disputes and the administrative judge's guidance to the parties.

Sillah filed this action under Title VII, challenging the SSA's imposition of the background investigation requirement. (*Id.* at 2.) She has filed two emergency motions asking the Court to enjoin the SSA from removing her for failure to comply with the background investigation requirement. The record indicates that the SSA recently notified Sillah that her "continued employment is dependent upon [her] compliance with the background investigation process" and "[f]ailure to comply . . . may result in discipline, up to and including removal from the federal service." (Dkt. No. 11 at 18 (emphasis omitted).)

## II.    LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit also applies an alternative "sliding scale" approach to the *Winter* factors wherein "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a

weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

### III.   ANALYSIS

Sillah does not raise a serious question going to the merits of her claim Title VII because she has not shown that she has exhausted the available administrative remedies.

"Federal employees must exhaust all available administrative remedies before filing an employment discrimination complaint in a district court." *Abouelhassan v. United States*, No. 08-cv-3774-RS, 2009 WL 942386, at *3 (N.D. Cal. Apr. 6, 2009) (citing *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976) and *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002)). The administrative processes available to an aggrieved employee vary based on the nature and severity of the challenged conduct. *Compare*, *e.g.*, 29 C.F.R. § 1614.302(b) *with* 29 C.F.R. § 1614.105(a)); *see also Crowe v. Wormuth*, 74 F.4th 1011, 1024 (9th Cir. 2023). However, the employee must "exhaust *one* of the available processes before filing a case in federal court." *Crowe*, 74 F.4th at 1024 (emphasis added).

To the extent Sillah seeks to challenge the MSPB administrative judge's status conference orders related to her Petition, which discuss Sillah's challenges to the process by which the SSA is reinstating Sillah—she must wait until she receives a final decision on the Petition before she may seek judicial review. *See* 5 U.S.C. § 7703(a)(1) (authorizing judicial review of a "final order or decision" of the MSPB). The record reflects that the briefing remains ongoing as to Sillah's Petition, and that the administrative judge has yet to issue a final decision.

Sillah notes in her Complaint that on March 18, 2025, the MSPB rendered a final decision regarding her 2023 removal, and ordered her to be reinstated. (Dkt. No. 1 at 2.) However, the claim that Sillah raises in this action relates to alleged discrimination that post-dates the March 18 decision. Therefore, the March 18 decision cannot form the basis for judicial

review of the Petition or of the underlying allegations of discrimination related to the background investigation. Sillah must exhaust the available administrative remedies regarding her new claim of discrimination before she may seek judicial review. *See Abouelhassan*, 2009 WL 942386, at *3 (dismissing a Title VII discrimination claim where the employee did not allege that he had timely submitted a complaint to the EEO counselor); *see also Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."). Because Sillah has not shown that she has exhausted her administrative remedies, she has not raised a serious question going to the merits of her Title VII claim, and has not shown that she is entitled to injunctive relief.[2]

## IV.   CONCLUSION

For the reasons discussed above, the Motion for a Preliminary Injunction is **DENIED**. The hearing set for October 23, 2025 is **VACATED**, meaning that no hearing will be held.

**IT IS SO ORDERED.**

Dated: October 21, 2025

RITA F. LIN
United States District Judge

---

[2] Because this order finds no serious question going to the merits of Sillah's claim, it does not reach the remaining *Winters* factors.