UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATOUMATA SILLAH,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>        Defendant. | Case No.  25-cv-07819-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Plaintiff Fatoumata Sillah, who is representing herself, filed this action challenging the process of her reinstatement as a Claims Technical Expert for the Social Security Administration ("SSA") pursuant to a decision by the Merit Systems Protection Board ("MSPB").  (Dkt. No. 22 ("FAC").)  Sillah alleges that she was unlawfully removed from her position on March 2, 2023, appealed the decision to the MSPB, was ordered reinstated on March 18, 2025, and returned to the workplace on May 5, 2025.  (*Id.* ¶¶ 2–3.)  Sillah's claims in this action arise from alleged discrimination in that reinstatement process.  She alleges that guards at the SSA's credentialing office targeted her for additional security checks after seeing her Muslim headscarf and Koran, and she alleges that this encounter prompted the SSA to require Sillah to undergo a national security counterintelligence investigation even though her position designation does not require it.  (*Id.* ¶¶ 7–12.)  Sillah has declined to undergo the background investigation, and has filed a petition for enforcement of the reinstatement order with the MSPB.  (*Id.* ¶ 15.)  Since the filing of the FAC, the MSPB has rendered a decision on the petition for enforcement, but Sillah does not seek review of that decision in this court.  (Dkt. No. 26.)  Sillah alleges that she has been advised by the SSA that failure to submit to the background investigation requirement "may

1

result in discipline, up to and including removal." (FAC at 39.)[1]

Sillah brings a claim for noncompliance with an MSPB order pursuant to 5 U.S.C. § 7703(b)(2) (Count I), a retaliation and disparate treatment claim under Title VII, 42 U.S.C. § 2000E-16 (Count II), a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 (Count III), a First Amendment claim (Count IV), and a Fifth Amendment claim (Count V). The SSA moves to dismiss the FAC. (Dkt. No. 27.) For the reasons explained in further detail below, the Motion to Dismiss is **GRANTED**. Count I is dismissed, with leave to amend, for failure to exhaust Title VII administrative remedies. Counts II–V are dismissed without leave to amend because they are preempted by Title VII, and for lack of jurisdiction. This Order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

### A.    Administrative Exhaustion Under Title VII

To bring discrimination claims under Title VII, plaintiffs must plead that they have exhausted their administrative remedies under Title VII. *Crowe v. Wormuth*, 74 F.4th 1011, 1023 (9th Cir. 2023). Having considered all possible methods of exhaustion, Sillah has not adequately alleged that the exhaustion requirement is met, at least as the FAC is currently pled.

*MSPB Appeal of 2023 Termination*. Sillah argues that the exhaustion requirement was met by her underlying appeal to the MSPB—where she alleged that her 2023 termination was attributable to discrimination. However, Sillah has already been ordered reinstated and does not allege that she is seeking review of the discrimination that she alleges led to her 2023 termination. Furthermore, with respect to the alleged discrimination during her reinstatement process, the MSPB appeal cannot serve to exhaust Sillah's claims because the MSPB does not have "pendent jurisdiction to decide factually related claims of discrimination associated with personnel actions outside the list of 'particularly serious' actions set forth in 5 U.S.C. § 7512." *Id.* at 1027. The Section 7512 actions are: removal, suspension for more than 14 days, reduction

---

[1] All citations to page numbers refer to ECF pagination.

in grade, reduction in pay, and furlough of 30 days or less.  5 U.S.C. § 7512(1)–(5).  Thus, even if there was a factual through-line between (1) the discrimination that allegedly resulted in Sillah's termination in 2023 and (2) the alleged discrimination in the reinstatement process in 2025, the MSPB cannot hear the second claim unless the conduct at issue separately falls within the list of serious actions under Section 7512.  *Crowe*, 74 F.4th at 1032 (explaining that "claims concerning other lesser employment actions must go through the [agency's Equal Employment Opportunity ('EEO')] process" in order to be exhausted).

None of the actions alleged to have occurred after the MSPB issued its reinstatement order are on the list of particularly serious actions in the statute.  While Sillah alleges, for example, that she was moved to a new duty station and she has had problematic encounters with security guards at work, she does not allege a removal, suspension for more than 14 days, reduction in grade, reduction in pay, or a furlough of 30 days or less.  5 U.S.C. § 7512(1)–(5).  The event that comes closest is a letter advising Sillah that she could be terminated if she refused to submit to the background investigation (FAC ¶ 22; *see also id* at 39), but a warning letter is not equivalent to a termination for purposes of Section 7512.  *See, e.g., Kerr v. Jewell*, 836 F.3d 1048, 1055 (9th Cir. 2016) (a "warning letter" prior to termination was a lesser employment action).  Therefore, even assuming the new allegations about events that occurred during Sillah's reinstatement process are factually related to her MSPB appeal of her 2023 termination, Sillah could not have exhausted those claims through that appeal process.

***Petition for Enforcement***.  Sillah has indicated that she does not seek adjudication of the merits of the December 2025 MSPB "Initial Compliance Decision" on her petition for enforcement, and that decision is not part of the record.  (Dkt. No. 26.)  Therefore, the Court will not reach the question of whether Sillah could establish exhaustion if she were appealing from the December 2025 decision.[2]

---

[2] Even if the Initial Compliance Decision were properly before the Court, it appears that the exhaustion requirements would not be met for the same reasons already explained, at least for purposes of a suit brought in federal district court.  As alleged, there does not appear to be a Section 7512 action attributed to discrimination to create a basis for review by this Court of a

***EEOC Charges***.  Sillah has attached over 100 pages of documents to her FAC.  The last six pages of attachments include a partial copy of an Equal Employment Opportunity Commission ("EEOC") decision, dated March 28, 2025, addressing three EEOC charges filed by Sillah related to employment actions between 2018 and 2023.  (Dkt. No. 22-3 at 35–40.)  Assuming that Sillah's current claims are within the scope of federal jurisdiction arising from one of these EEOC charges, *Sosa v. Hiraoka*, 920 F.2d 1451, 1456–1457 (9th Cir. 1990), and assuming that this action is not untimely, Sillah might be able to allege exhaustion by means of the EEOC process.  However, the FAC does not currently plead information from which the Court can infer that the exhaustion requirements are met.

First, the FAC does not provide sufficient information to determine whether her claims in this lawsuit "can reasonably be expected to grow out of the charge[s] of discrimination" she made to the EEO and EEOC, such that "the original EEOC investigation would have encompassed the additional charges made in the court complaint but not included in the EEOC charge."  *Id.* at 1456 (quotations omitted).  There are no factual allegations in the FAC explaining what the EEOC charges relate to, and whether the claims in this action are a continuation of the same alleged misconduct in the EEOC charges.

Second, it is not clear whether this action was timely.  Under the applicable regulations, after the EEOC administrative judge issues a decision, the SSA must take a "final action" by issuing a final order within 40 days.  *See* 29 C.F.R. § 1614.110.  Both parties may also appeal the decision to the EEOC.  *Id*; *see also*, *e.g.*, *Potter v. Collins*., No. 24-cv-00347, 2026 WL 554557, at *3 (D. Ariz. Feb. 27, 2026).  Sillah was required to file her lawsuit within ninety days of receiving notice of the "final action" by the SSA.  42 U.S.C. § 2000e-16(c).  The existing allegations and attachments to the FAC do not indicate what happened after the EEOC decision was rendered.  Therefore, the Court is unable to determine when Sillah's 90-day appeal clock was triggered, and whether the filing of the action on September 12, 2025 was within the 90-day

---

"mixed case."  *See Perry v. Merit Systems Protection Board*, 582 U.S. 420, 425–26 (2017).

window.

At this stage, Sillah has not pled exhaustion based on the EEOC process. Sillah has also sued the incorrect Defendant, because Title VII discrimination claims must be brought against the agency head, in this case SSA Commissioner Frank J. Bisignano. *See* 42 U.S.C. § 2000e-16(c). However, it appears possible that Sillah could cure these deficiencies through amendment. Therefore, as explained in further detail below, dismissal of Sillah's Title VII claim is with leave to amend. This Order will not reach the merits of whether the FAC otherwise states a claim for relief under Title VII at this time. Should Sillah adequately plead exhaustion, the Court will reach the remaining elements of the Title VII claim.

**B.     Counts II–V**

***First Amendment and Fifth Amendment Claims***. Federal employees are limited to using federal employment laws to redress employment discrimination. *Drevaleva v. Dep't of Veterans Affs.*, 835 F. App'x 221, 223 (9th Cir. 2020); *see also White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 (9th Cir. 1981) ("Title VII as the exclusive judicial remedy for federal employment discrimination"). Sillah's constitutional claims are predicated on alleged discriminatory treatment:  For example, she alleges "discriminat[ion] based on faith" and "disparate treatment" as the bases for these claims. (FAC at 13.) Therefore, Sillah must pursue her claim under Title VII. The First and Fifth Amendment claims are dismissed.

***APA and Noncompliance with MSPB Order Claims***. It is not clear whether Sillah's APA and "Noncompliance" claims are premised on discriminatory treatment or allege arbitrary (but non-discriminatory) treatment. However, regardless of which theory Sillah is pursuing, she cannot bring her claims in this Court. If Sillah's claims are premised on discrimination, then they are preempted by Title VII, just like her constitutional claims. If they are not premised on discrimination, the claims remain subject to the Civil Service Reform Act review scheme. *See Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008). Assuming proper exhaustion, the Federal Circuit—not this Court—would have exclusive jurisdiction over Sillah's appeal because Shilla is not "alleg[ing] that a basis for the action was discrimination." *Elgin v. Dep't of*

*Treasury*, 567 U.S. 1, 6, 11–13 (2012) ("The Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of the MSPB.") (citing 28 U.S.C. § 1295(a)(9)); *see also* 5 U.S.C. § 7703(b)(1)(A) (judicial review of an MSPB decision "shall be" in the Federal Circuit). Therefore, the APA and Noncompliance claims are dismissed.

### C.      Conclusion

For the forgoing reasons, the Motion to Dismiss is **GRANTED**.  Dismissal is with leave to amend with respect to Sillah's Title VII claim (Count I), so that Sillah may attempt to address the deficiencies identified in this Order.  Dismissal of Sillah's remaining claims (Counts II–V) is without leave to amend because the claims are preempted by Title VII as a matter of law and because any exhausted and non-preempted claims would need to be brought in the Court of Federal Claims.  Therefore, further amendment would be futile as to Counts II to V.

If Sillah believes she can cure the identified deficiencies, she may file an amended complaint that relates only to her Title VII claim on or before **April 7, 2026**.  If Sillah does not amend, the dismissal will be without prejudice to Sillah's right to file a new lawsuit once she has exhausted her administrative remedies, and in the proper forum for each claim.  Any amended complaint that Sillah files must be complete in itself, including all information about the surviving claim and parties, because it replaces the previously filed complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Failure to comply with these rules or any court order could result in dismissal of this action.

Sillah's request for appointment of counsel is denied because Sillah has not shown that this action involves "exceptional circumstances" necessitating appointment of counsel.  *See Siglar v. Hopkins*, 822 F. App'x 610, 611 (9th Cir. 2020).

**IT IS SO ORDERED.**

Dated: March 10, 2026

RITA F. LIN
United States District Judge